Good morning. May it please the Court. My name is Adam Weiner. I am the appellate counsel for John Luebbers in this matter. I would like to reserve five minutes for rebuttal. I'd like to briefly state what I believe to be the most important issue in this case and that this panel should consider. As the Court is aware, the appeal and the issues therein have been fully briefed. The main issue is that the record of this case fully supports a conclusion that the trial of my client represented a complete breakdown in the required adversarial process under both Strickland and Cronic, and that my client's trial counsel failed in any meaningful way to test the prosecution's case. The public defender failed to call any witnesses. The public defender failed to cross-examine any witnesses, any of the prosecution witnesses. The public defender failed to introduce nor attempted to introduce any evidence as to the state of mind of Mr. Luebbers. He failed to introduce anything as to a state of mind that would have provided grounds for the trial judge to instruct the jury on manslaughter, as well as provide grounds for the jury to convict on a second-degree murder, instead of being basically effectively limited to a conviction of first-degree murder. The public defender had such mitigating and exculpatory evidence in his possession and available to present to the jury and failed to do so. Instead, the public defender chose as his sole trial strategy to simply argue in closing that the prosecution had failed to establish premeditation beyond a reasonable doubt. It would may be different if there was other — if there was no other evidence available to the public defender. That would be a strategy that the public defender certainly could have, and the only strategy that the public defender could have taken. But that was not the case here. Let me go back to some of the procedural issues, and some of them are shared with the case that was just argued on Cronic. So here, as I understand it, Cronic was not cited in either the state court or the district court. Is that true? Correct. Okay. So why wouldn't that be either at least non-exhaustion or some kind of forfeiture? Well, the arguments made and the facts that were presented in the state court all the way up to this point supported the reasoning espoused in Cronic, although obviously Cronic early on was not specifically cited. Well, I mean, that doesn't sound very persuasive. When we get that argument, well, the record would be the same, so we can consider it under this theory or that theory. But that, of course, on habeas review is exactly why we have exhaustion, because we want to know, was it exhaustion? What did the state court do? How did the district court rule? So what's your best case for saying we should just ignore all of that preliminary procedural matter and go straight to Cronic? Well, I guess what I would say, Your Honor, is that this writ and the arguments espoused in this whole process do not rely exclusively or critically on Cronic. Cronic was added later on as this process went forward and it was cited later on. It doesn't change the arguments that were made before all the way up to this point. However, the Strickland case is right on point. Cronic is not critical, I would submit, for this court to reverse this case. That really is my question, the same one we asked the other counsel, is do you need Cronic? Because here, as I understand your theory, it's not just this abdication in the closing argument. It's these other issues that also coupled with that give us a different picture of the kind of case presented. So does it matter? Do you need Cronic? Or should we really analyze this under Strickland? I don't believe, without abdicating or giving up, you know, arguments already made thus far on Cronic, I don't believe that Cronic is necessary for this court to make its decision. Under the Strickland case, it is our argument that the outcome of this trial would have been different had the representation been adequate, had the evidence available, exculpatory evidence and mitigating evidence freely available and within the possession of the public defender been presented or at least an attempt had been made to present that to the trial court, to the state court, that the result would have been different. So how do you analyze? You know, we're talking about ineffective assistance of counsel. You know the standards of doubly deferential, and we presume that it was a strategic choice and some of our case law says that's almost unassailable, even if it's a bad strategy. So let's assume that's a bad strategy for the purpose of my question. How are you entitled to relief under Strickland? Well, because there is no logical explanation of a strategic, there's nothing that supports even or can even fathom a strategic choice made by a trial counsel in a first degree murder case where there is, where he, the public defender, has at his disposal a report, a preliminary report by a forensic psychologist, a psychiatrist I would add, that has made certain opinions and observations and met with the defendant I believe two times, gone through a thorough evaluation and had come to some very, very concrete opinions as to the defendant's state of mind or lack thereof. And the public defender had that in his possession and failed to present it, to even address it, to even bring it to the court's attention. It's all, it's entirely possible that the judge could, the trial judge could have said after maybe a 402 hearing or some sort of a evidentiary hearing outside of the presence of the jury that maybe that testimony would be limited, maybe the testimony wouldn't be allowed, but those arguments were never made. Do you agree that the preliminary report would have been inadmissible? The report itself or any report in and of itself would have been inadmissible. Right. However, my point is the argument is that the testimony of the doctor, in my view, and I would argue clearly would have been admissible. There may have been limitations put on it. I think that's true. If he'd completed his report and it likely would have been admissible. But I think if you look at the report, there are some positive things and there are some negative things. And if we're looking at counsel's choice, for example, he does say that he made the decision, the defendant said he made the decision before he went into the office to shoot, which would indicate even, which would have cinched premeditation perhaps. So how do we know that there wasn't a strategic element not to present that? Well, if you take the report, the preliminary report on its face, yes, there are positive things that I believe would be beneficial to a defense and there are negative things. But the point, that's exactly the point, is that there are positive things, positive remarks and opinions and observations that the doctor made and negative things. However, that would be the role of the fact finder. That would be the role of the jury to hear the testimony, both, for lack of a better word, the good and the bad from the defense perspective, weigh that evidence, and then determine whether or not there's enough there in even one juror's mind because all it takes is one juror to have a reasonable doubt as to whether or not the defendant had the state of mind required for the crime. The jury, all of them or one of them or however many of them, could have very well, after listening to the testimony of the doctor, determined that, no, we don't, we believe he had the required requisite mental state, specific intent, and therefore we're going to convict. However, we don't know that. That's within the purview of the jury. Well, I take your point, but I think my question is more is, could that not have been a strategic choice given the fact that there were some negative things in the report? I don't believe it could have been a reasonable strategic choice because without that choice, or excuse me, without that report or without the testimony of the doctor, there was no defense. Mr. Lubbers was doomed to be convicted of first-degree murder without anything more. And there was no other evidence presented to counteract that, to – there was no other evidence presented that would have cast any doubt in the jury's mind that this was anything other than a first-degree murder. They had nothing else to look at, nothing else to weigh. And so to decide not to call the doctor, simply because there are some negative aspects to his expected testimony, along with some positive aspects and helpful aspects, I think I would submit falls well below the standards of what the public defender should have done in defending his – in vigorously defending his client and giving his client the very best chance possibly could, and giving the jury a choice, giving them options. You're down to about four minutes. Do you want to reserve? Yes, please. Thank you. Thank you. Clear from the state. Good morning, Your Honors. It's nice to be back in person. I'm Deputy Attorney General Max Feinstadt on behalf of the respondent. This case is straightforward. Petitioner's counsel cannot be ineffective for failing to try to admit inadmissible evidence. We have a state court ruling that said the report from the police detective is hearsay, improper opinion, it can't come in. We have a ruling that said the report from Dr. Schaefer is a preliminary report in context of saying this habeas petition is not supported by significant affidavits or evidence that show anything beyond his own self-serving statements. If Petitioner does not meet his burden of showing admissible evidence, his counsel cannot be deficient for failing to try to move that into evidence. Would you agree – Go ahead. Wouldn't the testimony of Dr. Schaefer be admissible or at least be on the table so then you could determine what parts were admissible and inadmissible as opposed to the report? Petitioner points specifically to Dr. Schaefer's conclusion, and that conclusion was that Mr. Lubbers was in a fragile and unstable state of mind and that it was his belief that he shot the principal out of an extreme state of despair and not out of a state of premeditation. That is, again, inadmissible under state law under Penal Code Section 28 and 29 that doesn't allow a psychiatrist or other expert to testify directly to a defendant's state of mind or lack of state of mind. But that kind of begs the question about his testimony. Couldn't he have testified as to his observations about the agitation, about the situation, without having admissible his ultimate conclusion? Your Honor, he could testify to observations about mental disease. And mental disease in this gentleman. And mental disease in this gentleman. But those are not the conclusions that he's trying to get in. Those conclusions aren't even helpful. If you look at the other ones, he had the ability to tell right from wrong. He had the ability to deliberate and know the consequences of his actions. He had the ability to know whether his acts were good or evil. Right, but those are questions about, I think, more strategy but not admissibility. I mean, it seems to me that at least a portion of his testimony or containing the report would have been admissible. And I guess my question is, what else did the defendant have? I mean, there was no real evidence about his agitation except for people reporting that he was angry. I would say the preliminary issue is that we have a ruling that everything that was presented in state court was inadmissible. And we can't re-litigate that here. The State Court of Appeal really didn't say that about the report. It said it was a preliminary report. It didn't, as it did with the officer's testimony, saying it was inadmissible. I think it's a fair inference that they were saying it's inadmissible.  But, I mean, I think the question is, would the testimony have been admissible? And you can argue that the state court didn't pass on that. It might not be exhausted, but I think that's kind of the main issue here. Even if the testimony were admissible, as Your Honor pointed out earlier, it's a mixed bag. Having an expert get up and say he formed the intent to kill prior to going into the room, you know, he decided to shoot the principal prior to going into the office, that's not a good thing for the jury. You can't get in his ultimate conclusion directly about whether or not the petitioner formed an intent to kill or premeditated and deliberated. So you're stuck with the more general testimony. And you also have the problem of all of the background information, Mr. Lubbers' story about wanting to kill himself, all of that isn't admitted for the truth of the matter. That is all admitted only as the basis of the expert's opinion. So the jury doesn't necessarily track an expert's conclusions when that expert's testimony is based on things that they don't have in front of them in evidence. Mr. Lubbers did not testify in this case. He just declined to testify. So all they are left with is a man who strode into the office, went home, got a gun, came back to campus, strode into the office, says, this is for you, motherfucker, and shoots the principal three times. That's their evidence. They don't have the rest of it. What the jury didn't hear was his depression, his mood disorder, his health problems, and so forth, which may or may not have influenced them. But without that, all you had was exactly what you said. It almost inevitably led to the conviction without a defense. The defense made the argument that it was a sudden decision, and that's a reasonable choice to not give the jury necessarily the certainty of some of the things that were in that report. And back to your first comment on admissibility, I think that it is a fair reading of the state court's opinion that the preliminary report was also held inadmissible. Yeah, you kind of have to thread it together, though. They didn't say it as directly as they did with the officer's report. They did not give a specific reason directly after discussing the report. But in context of the opinion, saying this is only supported by Mr. Luber's own self-serving declaration, discussing Duval, and then saying there's nothing in here that supports relief, we construct these state court opinions with the benefit of the doubt. And that seems clearly that the state court found the report to be inadmissible. The odd thing I found about the state court decision is it seemed to reject the report because it was preliminary. And that's not really a basis to exclude evidence. That's all they said. They didn't say it was hearsay, which they could have. But I just found that a bit odd in the state court opinion. It could have been more specific, yes, Your Honor. But it could have been rejected because it was hearsay. It could have been rejected because of the lack of compliance with Duval's instructions to give a declaration or affidavits when they are available. It could have been because they thought that it was banned testimony under Penal Code Section 28 and 29, as we discussed in the briefs. Are there any more questions from the panel? No, I think we have the state's position in hand. But I don't want to deter you if you have more comments you want to make. No, Your Honor. I would go back to my original point of counsel cannot be ineffective for even failing to try to raise inadmissible evidence. I guess I have one final question, which may not directly go to the merits. And I appreciate the state and defense counsel providing us with the record. But the magistrate judge really went out on a limb to say this evidence wasn't in the state court record and it turned out that it was in the state court record. So what are we to make of that? Well, I'll discuss two aspects of that. Thank you both for giving us the complete record. Yes, Your Honor. My office provides the records and the notice of lodging. We obtained a copy of that petition that appears to have been incomplete. I'm not sure exactly why that happened. We obtained and lodged a lot of records, but that one was. It was the other side did not provide a complete copy in those proceedings. So we just assumed that our copy was complete until this court ordered us to go and check again. Right, but I mean, and I'm not faulting anybody for what happened, but that part of the magistrate judge's opinion, and it's a fairly lengthy part of it, it turns out to be wrong. The magistrate goes into a great deal of detail about the discrepancies, but then the magistrate's analysis of the claims itself is with the frame of reference of the state court had all of the evidence in front of it. And that's the way the state court's opinion is written too, as if it had all of the evidence in front of it, the two preliminary reports, the two reports. Okay, thank you, counsel. Thank you, Your Honor. We'll hear rebuttal. Thank you, Your Honors. Very briefly, I would just stress the point that I believe both Your Honors have made in rebuttal to Pelley's arguments. Again, the state court never, ever, ever concluded that Dr. Schaffer's report or Dr. Schaffer's testimony would be inadmissible. The court is correct. The only, absolute only comment that they made or that the magistrate or, excuse me, that the state court judge made was that it was a preliminary report. It did not go further than that. And in terms of the state law that does not allow an expert, in this case it would be Dr. Schaffer, to testify to the jury or give his ultimate opinion, Pelley is correct. But as the court pointed out, certainly an expert is allowed to testify as to his evaluation, his observations, any diagnoses, any other information that was part and parcel of the drafting of the report and the generation of his opinions with respect to Mr. Lubbers. Jury can't hear nor can the doctor testify as to his ultimate conclusion regarding the capacity or lack thereof of the defendant's ability to form an intent. That's up to the jury, but that doesn't foreclose the doctor from testifying as to all the observations that led up to that. And that would be critically important in this case since for the jury to hear that testimony, given that the central and core issue was the state of mind of Mr. Lubbers. And had they heard that, at least they would have had a choice of possibly manslaughter, possibly second-degree murder. The only choice they had and the only evidence that they had, because of the public defender's failure to provide evidence that was available to them, the only evidence they have was that that would support a first-degree murder conviction. Thank you, counsel. Thank you both for your arguments this morning. The case just heard will be submitted for decision.
judges: THOMAS, McKEOWN, GOULD